IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Reed Concrete Construction, Inc.,           )
                                             )   C.A. No. 8:12-3117-HMH
                    Plaintiff,              )
                                             )
           vs.                               )   **OPINION & ORDER**
                                             )
Millie, LLC; The Riverside Group, Inc.;      )
and QuikTrip Corporation,                    )
                                             )
                    Defendants.              )

      This matter is before the court on Defendants' motion to dismiss the instant litigation pursuant to Federal Rule of Civil Procedure 12(b)(1), and QuikTrip Corporation's ("QuikTrip") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). After a thorough review, the court denies both motions.

### I. FACTUAL AND PROCEDURAL BACKGROUND

      The Riverside Group, Inc. ("Riverside") contracted with Reed Concrete Construction, Inc. ("Reed") for the construction of QuikTrip convenience stores in South Carolina. (Defs. Mem. Supp. Mot. Dismiss 2, ECF No. 7-1.) Reed last provided and furnished labor, services, and materials for Riverside on or about July 31, 2012. (Compl. ¶ 3, ECF No. 2-1.) On August 14, 2012, Reed filed a notice and certificate of mechanics' lien against certain real property in Anderson County, South Carolina, concerning its labor, services, and materials in the construction of a QuikTrip convenience store. (Defs. Mem. Supp. Mot. Dismiss 2, ECF No. 7-1.) Reed then filed a complaint in the Anderson County Court of Common Pleas, South

1

Carolina, on September 26, 2012, against Defendants for foreclosure of the mechanics' lien, or, in the alternative, for a judgment on the debt for labor performed. (Pl. Mem. Opp'n Mot. Dismiss 2, ECF No. 15.) In its complaint, Reed alleges it is owed $228,375.00 in damages "for labor performed and/or for materials furnished and actually used in the erection, alteration or repair of buildings or structures . . . by virtue of an agreement with, or by consent of the Defendants." (Compl. ¶¶ 2, 5, 7, ECF No. 2-1.) Defendants removed this action to this court on October 29, 2012, pursuant to 28 U.S.C. § 1441 on the grounds of diversity jurisdiction ("South Carolina action").

In the interim between Reed's filing of the mechanics' lien and subsequent filing of the instant action, Riverside filed a surety bond to discharge the mechanics' lien with the Clerk of Court for Anderson County, South Carolina, on September 18, 2012, and also filed a separate action against Reed in the District Court of Tulsa County, Oklahoma, on August 30, 2012 ("Oklahoma action"). (Defs. Mem. Supp. Mot. Dismiss 2, ECF No. 7-1.) In the Oklahoma action, Riverside alleges to have "suffered damages in the amount of $50,218.57" pertaining to three separate proposal agreements, including the agreement at issue in the instant case. (Defs. Mem. Supp. Mot. Dismiss Ex. 2 (Am. Pet. ¶ 8, ECF No. 7-3).) The Defendants move to dismiss the South Carolina action pursuant to Rule 12(b)(1) on the basis that the Oklahoma action and the South Carolina action involve two of the same parties and include the same agreement. (Defs. Mem. Supp. Mot. Dismiss 3, ECF No. 7-1.) Additionally, QuikTrip moves the court under Rule 12(b)(6) to dismiss it from the South Carolina action pursuant to Riverside's filing of a surety bond discharging Reed's mechanics' lien on certain real property upon which

2

QuikTrip Store 1106 is situated. (Id. at 5.) The parties have fully briefed the issues and this matter is ripe for consideration.

## II. Discussion of the Law

### A. Dismissal of Duplicative Litigation

Defendants argue that because the Oklahoma action was filed before the South Carolina action and involves substantially the same parties litigating identical issues, the court should dismiss the South Carolina action pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. (Id. at 3.) Contrary to the Defendants' argument, however, the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The South Carolina action meets the requirements of 28 U.S.C. § 1332 as complete diversity exists between the parties and the amount in controversy exceeds $75,000.00. Reed is a South Carolina corporation with its principal place of business in South Carolina, while the Defendants are all citizens of Oklahoma. (Pl. Mem. Opp'n Mot. Dismiss 3, ECF No. 15); (Defs. Reply Supp. Mot. Dismiss 3, ECF No. 17.) In addition, the $228,375.00 in alleged damages exceeds the statutorily proscribed minimum amount in controversy. (Compl. ¶¶ 5, 7, ECF No. 2-1.) Therefore, the court has subject matter jurisdiction over the South Carolina action.

Although Defendants styled their motion as a motion to dismiss under Rule 12(b)(1), the court construes Defendants' motion as requesting the court to exercise its discretion to decline jurisdiction to avoid duplicative litigation. "Generally, a case pending in federal court may be dismissed for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." Nexsen Pruett, LLC v. Westport Ins. Corp., C/A No. 3:10-895-JFA, 2010 WL 3169378, at *2 (D.S.C. Aug. 5, 2010) (unpublished) (internal

3

quotation marks omitted).  While the Fourth Circuit does recognize the "first-to-file" rule, priority should be given to the first suit filed unless the balance of convenience favors the second filed.  Ellicot Mach. Corp. v. Modern Welding Co., Inc., 502 F.2d 178, 180 n.2 (4th Cir. 1974).  Therefore, the court must first balance the convenience between the two actions.

"The factors a court considers in weighing the conveniences in this circumstance are essentially the same as those considered in connection with a motion to transfer venue pursuant to 28 U.S.C. § 1404(a)."  Nexsen Pruett, LLC, 2010 WL 3169378, at *2.  Accordingly, the court considers the following factors:

> (1) the ease of access to the sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of the witnesses; (4) the availability of compulsory process; (5) the possibility of a view by the jury; (6) the interest in having localized controversies decided at home; and (7) the interests of justice.

Id.

The instant action arises out of a contract dispute between the parties pertaining to the construction of QuikTrip stores in South Carolina.  (Defs. Mem. Supp. Mot. Dismiss Ex. 2 (Am. Pet. ¶ 5, ECF No. 7-3).)  Reed is a South Carolina corporation with its principal place of business in South Carolina.  (Pl. Mem. Opp'n Mot. Dismiss 3, ECF No. 15.)  All of the defendants are located in Oklahoma.  (Defs. Reply Supp. Mot. Dismiss 3, ECF No. 17.)  However, the parties' dealings occurred only in South Carolina.  Reed's representatives met with Riverside representatives in Anderson, South Carolina.  (Pl. Mem. Opp'n Mot. Dismiss 3, ECF No. 15.)  Further, "[t]he contracts were to be performed exclusively in Anderson County, South Carolina."  (Id.)  Reed filed a mechanics' lien on August 14, 2012, in Anderson County, South Carolina, regarding a tract of land located therein.  (Defs. Mem. Supp. Mot. Dismiss 2,

ECF No. 7-1.) In response to Reed's filing, Riverside filed a surety bond with the Clerk of Court for Anderson County on September 18, 2012, to discharge the mechanics' lien. Thus, all witnesses to the parties' dealings are located in South Carolina. Further, the execution of the agreements, the actual construction of the QuikTrip stores, the filing of the mechanics' lien, and the filing of a surety bond to discharge the mechanics' lien all occurred in South Carolina. Thus, the facts weigh in favor of the South Carolina action, because there is easier access to proof and it is more convenient for the witnesses.

In addition, the interest in having localized issues decided at home favors South Carolina. The contract executed in South Carolina related to real property located in South Carolina. Further, because the action arose in South Carolina, it is in the interest of justice to proceed with the litigation here. See Original Ceatine Patent Co. v. Met-Rx USA, Inc., 387 F. Supp. 2d 564, 571 (E.D.Va. 2005) ("The interest of justice factor can include such considerations as a court's familiarity with the applicable law, where the claim arose, and the relative congestion of the courts' dockets.").[1] Although the court acknowledges the first-to-file rule, the balance of convenience weighs heavily in favor of Reed's second-filed action. Therefore, the court denies Defendants' motion to dismiss the instant action.

---

[1] It should also be noted that absent a choice of law provision included in the parties' agreement, South Carolina law would be controlling given the agreement was entered into in South Carolina and related to real property in South Carolina. If the parties' agreement is void of a choice of law provision, the court's familiarity with the applicable law would also favor continuing litigation here. Further, the parties have not raised any argument that South Carolina law is not applicable and both parties rely on South Carolina legal precedent throughout their briefs submitted to the court. (See generally Pl. Mem. Opp'n Mot. Dismiss, ECF No. 15); (Def. Mem. Supp. Mot. Dismiss, ECF No. 7-1.)

5

**B. QuikTrip's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

QuikTrip moves to dismiss Reed's mechanics' lien enforcement claim pursuant to Rule 12(b)(6) on the basis that the mechanics' lien has been discharged as a result of Riverside's filing of a surety bond with the Clerk of Court for Anderson County on September 18, 2012. (Defs. Mem. Supp. Mot. Dismiss 5, ECF No. 7-1.)

Under Federal Rule of Civil Procedure 12(b)(6), "a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Id.

Although the court must accept the plaintiff's factual allegations as true, to survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks and citations omitted). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In accordance with the procedure set forth in S.C. Code Ann. § 29-5-110, Riverside discharged Reed's mechanics' lien against the subject property by filing a surety bond. (Defs. Mem. Supp. Mot. Dismiss 2, ECF No. 7-1.) As owner of the property, QuikTrip argues that "[a] mechanic's [sic] lien cannot be enforced against real property when a surety bond has been filed." (Id. at 5.) To the contrary, however, the Supreme Court of South Carolina held that "the relevant statutes require only that a suit for enforcement of the mechanics' lien be commenced within six months of the last provision of services or materials for the construction of the building[,]" and that "neither statute requires a lien holder to name a substituted cash bond or other undertaking as the subject of the enforcement action." Cohen's Drywall Co. v. Sea Spray Homes, LLC, 648 S.E.2d 598, 600 (S.C. 2007). The court "interpret[ed] § 29-5-110 as an instructional mechanism . . . directing that a judgment on a foreclosed mechanics' lien be executed against a cash bond or other secured undertaking if one has been substituted in accordance with the statutory requirements." Id. at 600-01. In finding "that the statutes do not require the [lien holder] to bring the enforcement action against the cash bond," the court held that a mechanics' lien can be enforced against real property even if a cash or surety bond has been filed. Id. at 601. Any judgment on the foreclosed mechanics' lien is merely enforced against the substituted cash or surety bond. Id.

Reed filed a notice and certificate of mechanics' lien against the property on August 14, 2012, and subsequently timely filed the South Carolina action to enforce the mechanics' lien on September 26, 2012. Although Riverside filed a surety bond in accordance with § 29-5-110 on September 18, 2012, to discharge the mechanics' lien, South Carolina law "does not require [the lien holder] to bring the enforcement action against the cash [or surety] bond." Id. Instead,

Reed can proceed at this stage with its enforcement action, and if any judgment is received on the foreclosed mechanics' lien, it would be executed against the surety bond filed by Riverside. See id. at 600-601. Based on the foregoing, QuikTrip's motion to dismiss is denied.

It is therefore

**ORDERED** that Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), docket number 7, is denied. It is further

**ORDERED** that QuikTrip's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), docket number 7, is denied.

**IT IS SO ORDERED.**

                                            s/Henry M. Herlong, Jr.
                                            Senior United States District Judge

Greenville, South Carolina
January 7, 2013